**01-CV-00640-ORD**

THE HONORABLE ROBERT S. LASNIK

FILED _____ ENTERED
LODGED _____ RECEIVED

JAN 16 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

FILED
LODGED        ENTERED
                    RECEIVED
JAN 15 2004
AT SEATTLE                    MR
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND, L.P., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC., JEFFREY P. BEZOS, JILL COVEY, TOM A. ALBERG, SCOTT D. COOK, L. JOHN DOERR, AND PATRICIA Q. STONESIFER,<br><br>Defendants. | CO1-0640L<br><br>**STIPULATION AND PROTECTIVE ORDER** |

    The parties, by and through their respective counsel of record, hereby stipulate and agree to the following proposed Protective Order:

    1.    This Order shall govern the designation and handling of non-public, confidential, proprietary, sensitive business, personal or financial information (collectively referred to herein as "Confidential Material," "Confidential Information" or "Confidential Documents"), as defined in paragraph 3 below, exchanged by the parties during informal and formal discovery or otherwise during the course of this litigation. This Order shall apply to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other

1

1  discovery taken pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of

2  this Court, as well as to pleadings and other documents filed during the pendency of this

3  action (including any appeals), testimony adduced at trial, matters in evidence, and other

4  information produced or provided in connection with this action.

5      2.     All documents and information designated as (1) "Confidential" or (2) "Highly

6  Confidential – Attorneys' Eyes Only" pursuant to this Protective Order shall be used for

7  purposes of this litigation only, and shall not be used for business, competitive or other

8  purposes, or shared with any party or attorney in any other action, related or otherwise.

9      3.     Any person (including persons and entities not named as parties in this action)

10  who is required to produce documents or information in discovery in this litigation may

11  designate material produced as "Confidential" or "Highly Confidential – Attorneys' Eyes

12  Only" pursuant to this Protective Order.  All "Confidential" or "Highly Confidential –

13  Attorneys' Eyes Only" designations must be based on the good-faith belief that the

14  information so designated is entitled to protection under Fed. R. Civ. P. 26(c) as

15  (i) proprietary or sensitive business, personal or financial information, or (ii) information

16  subject to a legally protected right of privacy.  Material designated as "Confidential" or

17  "Highly Confidential – Attorneys' Eyes Only" must fall within one of the following

18  categories:

19      (a)    Documents or materials containing sensitive, non-public information

20  relating to business relationships, discussions, decisions, assessments, strategies, operations,

21  negotiations, investments, contracts or agreements with past, present, or potential business

22  partners;

23      (b)    Documents or materials containing private, non-public information

24  relating to an individual's or entity's compensation, assets, liabilities, valuation, net worth, or

25  financial condition or performance;

26      (c)    Documents or materials, including internal company e-mail, containing

27  sensitive, non-public information relating to company personnel matters, including hiring,

28

Gibson, Dunn &
Crutcher LLP

2

STIPULATION AND PROTECTIVE ORDER
CO1-0640 L

termination, and performance evaluations of past or present employees, consultants, or co-venturers;

    (d) Documents or materials containing sensitive, non-public information relating to proprietary technology, intellectual property, trade secrets, or customer lists; or

    (e) Documents or materials which otherwise contain private, non-public information subject to a legally protected right of privacy.

  4. Documents or materials shall be designated as "Confidential" by affixing to them the following legend in a size and location that makes the designation readily apparent:

*"CONFIDENTIAL"*
*or*
*"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."*

Documents or materials shall be designated as "Highly Confidential - Attorneys' Eyes Only" by affixing to them the following legend in a size and location that makes the designation readily apparent:

*"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."*

  5. Any document or materials mistakenly produced or disclosed without any confidentiality designation after the entry of this Order may be subsequently designated by the producing person as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the information marked in accordance with paragraph 4. No person shall be liable for publicly disclosing a document marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this paragraph if that disclosure occurred prior to receipt of said written notice.

  6. If a party or non-party inadvertently produces a document or other material that it later discovers or in good faith asserts to be privileged, the production of that information shall not be deemed to constitute the waiver of any applicable privilege. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production and request the return of the privileged material. Within five days of receiving such notification, the receiving party shall return all such materials, including any

3

summaries, excerpts or copies thereof. Such return shall not preclude the receiving party from seeking to compel production of the materials for reasons other than the inadvertent production and shall not constitute an admission by the receiving party that the materials were in fact privileged.

7.      Any party wishing to designate as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" deposition testimony or documents submitted as exhibits to a deposition may do so either (a) on the record during the deposition, or (b) within 45 days after receipt of the deposition transcript and exhibits, by providing written notice to all other parties and any affected non-parties by reference to the subject matter of the testimony and specific exhibits designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only." To the extent reasonably practicable, the parties should avoid designating entire transcripts as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" where only a portion thereof or the exhibits used therewith qualify for protection under this Order.

8.      With respect to information or materials designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" to be used at trial, the parties shall meet and confer after the Pretrial Conference (a) to reach an agreement as to the confidentiality of information to be used at trial, and (b) to discuss the use of "Confidential" or "Highly Confidential — Attorneys' Eyes Only" documents as trial exhibits. If necessary, the parties shall also develop a method for maintaining the confidentiality of such information and documents at trial.

9.      With the exception of those documents whose confidentiality designations have been successfully challenged pursuant to paragraph 13 below, the parties stipulate to the filing of Confidential Material under seal. The parties understand the Court's entry of this Order to satisfy the procedural requirements of Western District of Washington Local Rule 5(g) concerning the sealing of Court records. Following entry of this Order, Confidential Material filed with the Court for any purpose shall be filed in a separate, sealed envelope or other container, marked on the outside with the caption of this action and a statement substantially similar to the following:

*"CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO
PROTECTIVE ORDER"*

If any person fails to file Confidential Documents or Confidential Information under seal, the

producing party or any party or nonparty claiming confidentiality for the documents or

information may request that the Court place the filing under seal.

      10.    Information designated as "Confidential" may be delivered, exhibited or

disclosed to the following persons, subject to the requirements of paragraph 12.

          (a)    The attorneys-of-record for a party, including
paralegal assistants, and stenographic and clerical
employees working under the direct supervision of
such attorneys;

          (b)    The parties to the action and current employees of
the parties who have a need to know the
information to assist counsel in the prosecution or
defense of this litigation, including in-house
counsel, paralegal assistants and clerical employees;

          (c)    Any person not employed by a party who is
expressly retained or sought to be retained by any
attorney described in paragraph 10(a) as a
consultant or expert to assist in preparation of this
action for trial, with disclosure only to the extent
necessary to perform such work.  For purposes of
this paragraph, a consultant or expert shall be
defined as a person who is neither an employee of a
party nor anticipated to become an employee in the
near future, and who is retained or employed as a
*bona fide* consultant or expert for purposes of this
litigation, by or at the direction of counsel for a
party;

          (d)    Any person not covered under paragraph 10(c),
where there is a reasonable basis for believing that
the person sent, received or was involved in the
preparation of the Confidential material, except that
such person may only be shown copies of material
designated "Confidential" for the purpose of
preparing declaration testimony, may not retain any
such material, and may not disclose the contents of
that material;

          (e)    Any person from whom testimony is taken whose
testimony involves or relates to such information,
except that such person may only be shown copies
of material designated Confidential during his
testimony, if there is a reasonable basis to believe
that the person sent, received or was involved in the
preparation of the Confidential Information.  Any

5

person shown such information may not retain any such material, and may not disclose the contents of that material;

(f) Any other person with the prior written consent of the designating party; and

(g) The Court.

11. Information designated as "Highly Confidential – Attorneys' Eyes Only" may be delivered, exhibited or disclosed to the following persons, subject to the requirements of paragraph 12:

(a) The attorneys-of-record for a party and in-house attorneys, and all paralegal assistants, and stenographic and clerical employees working under the direct supervision of such counsel;

(b) Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 10(a) as a consultant or expert to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. For purposes of this paragraph, a consultant or expert shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a *bona fide* consultant or expert for purposes of this litigation, by or at the direction of counsel for a party;

(c) Any person not covered under paragraph 11(b), where there is a reasonable basis for believing that the person sent, received or was involved in the preparation of the Highly Confidential – Attorneys' Eyes Only material, except that such person may only be shown copies of material designated Highly Confidential – Attorneys' Eyes Only for the purpose of preparing declaration testimony, may not retain any such material, and may not disclose the contents of that material;

(d) Any person from whom testimony is taken whose testimony involves or relates to such information, except that such person may only be shown copies of material designated "Highly Confidential – Attorneys' Eyes Only" during his testimony, if there is a reasonable basis to believe that the person sent, received or was involved in the preparation of the Confidential Information. Any person shown such information may not retain any such material, and may not disclose the contents of that material;

6

(e)  Any other person with the prior written consent of the designating party; and

(f)  The Court.

12.  Confidential Material shall not be made available to any person identified in paragraph 10(c) or paragraph 11(b) unless, prior to disclosure, the person reviews and acknowledges that they understand the Protective Order and are bound by its terms, and completes and signs the Undertaking attached as Exhibit A hereto. Every individual who receives any information designated as "Confidential" or "Confidential Highly Confidential – Attorneys' Eyes Only" shall be deemed to have submitted to the jurisdiction of this Court in any proceedings relating to performance under, compliance with, or violation of this Protective Order.

13.  Any party may object to the designation of any document or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If a party does so, it must do so in writing to opposing counsel and to any affected nonparty, and request a meeting to attempt to resolve the dispute. If the dispute is not resolved through this meet-and-confer process, then any party or an affected nonparty may move the Court for appropriate relief. Any disputed documents or information shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, under this Protective Order until the Court rules otherwise.

14.  The procedures set forth herein shall not relieve a party of its rights or obligations under the Federal Rules of Civil Procedure regarding the production of documents or making timely responses and/or objections to discovery requests. Nothing herein shall affect the producing party's obligation to show good cause for the protection of the information upon motion pursuant to paragraph 13.

15.  The receipt by any party or nonparty of Confidential Information shall obligate such recipient to maintain the Confidential Information in secure facilities with access restricted only to those persons authorized to receive Confidential Information under this Order.

Gibson, Dunn & Crutcher LLP

STIPULATION AND PROTECTIVE ORDER
CO1-0640 L

16.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout this action, including any appeals, and shall continue in effect after the conclusion of this action. Within 60 days of the conclusion of this action, including any appeals and/or any writs for further review, and after the termination of litigation has become final, any party or nonparty which has received Confidential Material in this action shall return or certify the destruction of all such Confidential Material to the producing party or nonparty, except those filed with the Court.

17.     Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation made pursuant to the terms of this Protective Order so long as such disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

18.     Nothing in this Protective Order shall: (a) operate as an admission by any party that any particular information or material contains or reflects trade secrets, proprietary, commercially sensitive or other confidential information; (b) prejudice in any way the rights of a party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence; or (c) prevent the parties and any non-parties from agreeing in writing or on the record during a deposition or hearing to alter or waive the provisions of this Order with respect to any particular information or material.

19.     The parties stipulate to this Protective Order pending its entry by the Court, or pending the entry of an alternative order which is satisfactory to all parties, and any violation of this Protective Order's terms during such pendency shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court. The parties stipulate to this Protective Order without prejudice to the right to seek modification to the Order if circumstances so warrant.

Gibson, Dunn &
Crutcher LLP

STIPULATION AND PROTECTIVE ORDER
CO1-0640 L

1    20.    The Court retains jurisdiction to make any amendments, modifications or

2    additions to this Protective Order, as it deems appropriate.

3    **STIPULATED and AGREED:**

Dated: January _8_, 2004          Dated: January __, 2004

GIBSON, DUNN & CRUTCHER LLP      KIRBY McINERNEY & SQUIRE, LLP

By _____      By _____
    Paul J. Collins                    Richard L. Stone

Attorneys for Defendants          Attorneys for Plaintiffs

## **ORDER**

BASED ON THE FOREGOING STIPULATION, it is hereby

ORDERED that the foregoing Protective Order be and hereby is ENTERED.

DATED this _16th_ day of _January_, 2004.

_____
JUDGE ROBERT S. LASNIK

Gibson, Dunn & Crutcher LLP

STIPULATION AND PROTECTIVE ORDER
CO1-0640 L

PRESENTED BY

PERKINS COIE LLP

By _____
   Douglas W. Greene, WSBA No. 22844

Attorneys for Defendants


McKAY CHADWELL, PLLC

By _____
   Michael D. McKay, WSBA No. 7040

Attorneys for Plaintiffs

10

STIPULATION AND PROTECTIVE ORDER
CO1-0640 L

**EXHIBIT A**

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND, L.P., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., JEFFREY P. BEZOS, JILL COVEY, TOM A. ALBERG, SCOTT D. COOK, L. JOHN DOERR, AND PATRICIA Q. STONESIFER,<br><br>Defendants. | C01-0640L<br><br>**UNDERTAKING** |

I, _____, state that:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

4.   I have received a copy of the Protective Order in this case and have carefully read and understand its provisions. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order any information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or

1

STIPULATION AND PROTECTIVE ORDER
C01-0640 L

any words, substances, summaries, excerpts, abstracts or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

     5.     I hereby consent to personal jurisdiction of this Court in respect to any proceeding relating to the enforcement of the Protective Order, including any proceedings relating to contempt of Court.

     6.     I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

Dated: _____

                                              Place Signed: _____

                                            Signed: _____

                                            Printed Name: _____

2

STIPULATION AND PROTECTIVE ORDER
CO1-0640 L.