THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND, L.P., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., JEFFREY P. BEZOS, JOY COVEY, TOM A. ALBERG, SCOTT D. COOK, L. JOHN DOERR, AND PATRICIA Q. STONESIFER,<br><br>Defendants. | No. C01-0640L<br><br>CLASS ACTION<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a consolidated class action is pending before this Court entitled Argent Classic Convertible Arbitrage Fund, L.P. v. Amazon.com, Inc., *et al.*, Cause No. C01-0640L (the "Litigation");

WHEREAS, Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified a Class defined as all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased the 6.875% Premium

Adjusted Convertible Securities due 2010 (the "PEACS") of Amazon.com, Inc. during the period from February 7, 2000 through and including October 24, 2000 (the "Class Period"). Excluded from the Class are the defendants, members of the Amazon Individual Defendants' families, any entity in which any defendant has a controlling interest or is a part or subsidiary of or is controlled by the Company, and officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the defendants.

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of July 6, 2005 (the "Stipulation"), which, together with the Exhibits annexed thereto and the Amended Notice of Pendency and Proposed Settlement of Class Action filed on July 11, 2005, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation, the Exhibits annexed thereto, and the Amended Notice of Pendency; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.  A hearing (the "Settlement Hearing") shall be held before this Court on October 20, 2005, at 8:30 a.m., in Courtroom 15106 of the United States District Court for the Western District of Washington (at Seattle), U.S. Courthouse, 700 Stewart Street, Seattle, Washington, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiff's Counsel. The Court may continue the Settlement Hearing without further notice to Members of the Class.

3.  The Court approves, as to form and content, the Amended Notice of Pendency and Proposed Settlement of Class Action filed on July 11, 2005 (the "Amended Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-l, A-2 and A-3 hereto, and finds that the mailing and distribution of the Amended Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.  Plaintiff's Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)  Not later than August 5, 2005 (the "Notice Date"), Plaintiff's Counsel shall cause a copy of the Amended Notice and the Proof of Claim to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)  No later than August 17, 2005 Plaintiff's Counsel shall cause the Summary Notice to be published once in Investor's Business Daily and once in the international edition of The Wall Street Journal; and

(c)  At least seven (7) days prior to the Settlement Hearing, Plaintiff's Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.  Nominees who purchased PEACS during the Class Period for the beneficial ownership of another Person shall send the Amended Notice and the Proof of Claim to such beneficial owners of the PEACS within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Amended Notice and Proof of Claim to such beneficial owners.

6.  All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7.  Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the

distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

8. Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiff's Counsel.

9. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Amazon Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator (and to Plaintiff's Counsel and to Defendants' counsel at the addresses listed in ¶ 11 hereto) a request for exclusion ("Request for Exclusion"), received by the Claims Administrator no later than September 16, 2005. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of PEACS made during the Class Period, including the dates, the face value, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

11. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorney's fees and expenses should not be awarded to counsel for the Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorney's fees and expenses to be awarded to counsel for the Lead Plaintiff unless that Person has served (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs and exhibits in support thereof on or before September 16, 2005 to Mark Strauss, Kirby McInerney & Squire, LLP, 830 Third Avenue, 10th Floor, New York, NY 10022, and to Jonathan C. Dickey, Gibson Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304, and to file such materials with the Court . Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorney's fees and expenses to plaintiff's counsel, unless otherwise ordered by the Court.

12. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member or counsel to the Lead Plaintiff shall have any right to any portion of, or

in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorney's fees or reimbursement of expenses shall be filed with the Court and served at least seven (7) days prior to the Settlement Hearing.

15. Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for reimbursement of attorney's fees or reimbursement of expenses submitted by Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Counsel, and any application for attorney's fees or reimbursement of expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, not to exceed $260,000.00, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of their counsel

shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for such reasonable expenses.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to continue the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated this 11th day of July, 2005

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge